**NOT FOR PUBLICATION**

FILED

JUL 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE EVERARDO CABRERA-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73426<br><br>Agency No. A027-146-701<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 29, 2013[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Jose Everardo Cabrera-Gonzalez ("Cabrera"), a native and citizen of El
Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order
dismissing his appeal from an immigration judge's ("IJ") decision denying his
application for withholding of removal and protection under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

Cabrera argues that he is eligible for asylum. An alien whose prior deportation order has been reinstated is ineligible for asylum relief. *See Ixcot v. Holder*, 646 F.3d 1202, 1207 (9th Cir. 2011); 8 U.S.C. § 1231(a)(5). Reinstatement of a prior order of deportation "requires proof that 1) petitioner is an alien, 2) who was subject to a prior removal order, and 3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007).

Cabrera admits in his opening brief that he is an alien who was subject to a prior removal order and that he illegally reentered the United States. Therefore, he is ineligible for asylum relief. *See id* at 494; *Ixcot*, 646 F.3d at 1207.

Although the reinstatement of Cabrera's prior order of removal disqualifies him for relief under asylum, he is not precluded from seeking withholding of removal and protection under CAT. *See Ixcot*, 646 F.3d at 1207 & n. 10.

Under the Real ID Act, corroboration may be required, even if the alien is found credible, where his testimony is not persuasive and specific. *Aden v. Holder*,

_____

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

589 F.3d 1040, 1044-45 (9th Cir. 2009). The decision of the IJ and the BIA that the petitioner should have been able to obtain corroborative evidence may not be reversed unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)).

Here, substantial evidence supports the BIA's denial of withholding of removal based on Cabrera's failure to provide corroboration. *See Aden*, 589 F.3d at 1045. Moreover, a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable. *See Shrestha*, 590 F.3d at 1048.

Cabrera argues that the BIA erred by refusing to grant his motion to remand. A denial of a motion to remand is reviewed for abuse of discretion. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). "The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same." *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987). "A motion to reopen is based on factual grounds, and seeks a fresh determination based on newly discovered evidence or a change in the applicant's circumstances since the time of the hearing." *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). The petitioner's evidence must not have been available and could not have been presented at the former hearing. *Id.* at 1063-64.

Cabrera's newly submitted evidence was available at the initial hearing in front of the IJ. Therefore, the BIA did not abuse its discretion in denying Cabrera's motion to remand. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

Cabrera claims that the IJ erred by denying his claim for relief under CAT. To qualify for protection under CAT, an alien has the burden of proving that it is more likely than not that he would be tortured by or with the acquiescence of a public official in the proposed country of removal. *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011).

The record does not compel the conclusion that Cabrera met his burden of proof for relief under CAT. *See Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011) (where petitioner's credible testimony was insufficient to establish eligibility for asylum and withholding of removal absent corroborating evidence, his CAT claim likewise failed).

Cabrera contends, for the first time on appeal, that the IJ violated his due process rights by failing to assist him in developing his case. This court lacks jurisdiction to consider Cabrera's due process claim because he failed to raise this instance of mere procedural error before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**